UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

PHH Mortgage Corporation,  
Federal National Mortgage Association

      Plaintiff(s),

v.

Kimberly A. Lawrence, John Doe,  
and Mary Roe

      Defendants.

Civil No. 17-cv-5392 (DWF/FLN)

**REPORT & RECOMMENDATION AND ORDER**

_____

Kalli Ostlie, for Plaintiff Federal National Mortgage Association.  
Kimberly A. Lawrence, *pro se*.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on Plaintiff Federal National Mortgage Association's ("Fannie Mae") motion to remand to state court (ECF No. 10), and Defendant Kimberly A. Lawrence's ("Defendant") application to proceed without prepaying fees or costs (ECF No. 2), motion for court appointed counsel (ECF No. 3), and motion to amend notice of removal (ECF No. 5). The parties dispositive motions are referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. *See* Order, ECF No. 16. For the reasons set forth below, the Court recommends that Fannie Mae's motion for remand (ECF No. 10) be **GRANTED**. Defendant's motion to amend her notice of removal (ECF No. 5) is **GRANTED**, and her application to proceed without paying fees or costs (ECF No. 2), and motion for court appointed counsel are **DENIED as moot**.

## I. FACTUAL SUMMARY

On June 4, 2014, Fannie Mae filed an Amended Complaint in Hennepin County, District Court, seeking to evict Defendant from the property located at 1661 Eagle Ln, Mound, MN. *See* ECF No. 13, Ex. 1. According to the Amended Complaint, the mortgage on the property was foreclosed upon and sold to PHH Mortgage Corporation on October 7, 2011. *Id.* The property was then transferred to Fannie Mae on December 22, 2011, by a limited warranty deed. *Id*. On May 8, 2012, a demand for possession of the property was sent to Defendant. *Id.* On November 19, 2012, Fannie Mae brought a motion for summary judgment which was stayed until June 11, 2013. *Id.* at Ex. 5. On July 30, 2013, the court granted Fannie Mae's motion for summary judgment, and found that Fannie Mae was entitled to judgment as a matter of law. *Id*. In doing so, the court found that Defendant had not disputed the existence of the mortgage, the sheriff sale, the expiration of the redemption period without redemption, or that she continued to occupy the property. *Id.* The court entered judgment in favor of Fannie Mae for recovery of the property, and an order to vacate was issued on August 6, 2013. *Id*. at Ex. 4. While the writ of recovery was executed on September 3, 2013, the Defendant had access to the property until December 9, 2013. *Id.* at Ex. 6.

On October 3, 2017, Defendant filed a motion seeking damages for personal property left at the residence. *Id.* On November 27, 2017, the court denied Plaintiff's motion. *Id*.

Shortly thereafter, on December 8, 2017, Defendant filed a notice to remove the matter to the District of Minnesota. *See* ECF No. 4. Defendant also filed an application to proceed in district court without prepaying fees and costs, and a motion for appointment of counsel. *See* ECF Nos. 2, 3. On December 11, 2017, Defendant filed a motion to amend the notice of removal. ECF No. 5.

2

Fannie Mae has not responded to Defendant's request or motions, and the time to do so has now passed.

On January 8, 2018, Fannie Mae filed a motion to remand the matter to state court. ECF No. 10. Fannie Mae argues that Defendant's notice of removal is untimely and therefore procedurally defective. ECF No. 12.

## II. CONCLUSION OF LAW

### 1. Defendant's Motion to Amend Notice of Removal (ECF No. 5)

As an initial matter, noting that Fannie Mae has not objected to Defendant's motion to amend her notice of removal, this Court grants Defendant's motion to amend.

### 2. Plaintiff's Motion for Remand (ECF No. 10)

Pursuant to 28 U.S.C. § 1441(a), a party may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . to the district court . . . embracing the place where such action is pending."

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1). A party opposing removal may bring a motion requesting that the federal court remand the case back to state court. *See* 28 U.S.C. § 1447(c). The court must remand the case if it determines that it either lacks subject matter jurisdiction, or the party opposing removal shows there is a defect other than lack of jurisdiction. *Id*. The party seeking removal bears the burden of showing that the action was properly removed and that federal subject matter jurisdiction exists for the action. *In re Business Men's Assur. Co. of America*, 992 F. 2d 181, 183 (8th Cir. 1993). Subject

matter jurisdiction may be derived from either the citizenship of the parties, *see* 28 U.S.C § 1332, a federal question posed by the underlying matter, *see* 28 U.S.C § 1331, or special circumstances covered by federal statute. "Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Trust and Clearing Corp.,* 559 F.3d 772, 779 (8th Cir. 2009). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). In turn, when removal is based on diversity, the party seeking removal must satisfy the "forum defendant rule." *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005). Under the rule, a defendant can remove a cased based on diversity only if none of the defendants is a citizen of the state in which the action has been brought. 28 U.S.C. § 1441(b); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83–84 (2005); *see also Horton*, 431 F.3d at 604. Whether removal is proper is based on the record as it stands at the time of removal. *See Hatridge v. Aetna Cas. & Surety Co.*, 415 F.2d. 1006, 1010 (3d Cir. 1987). Courts construe motions to remove strictly and resolve all doubts in favor of remand. *Cotton v. S. D. by and through the S.D. Dep't of Social Servs.*, 843 F. Supp. 564, 568 (D. S.D. 1994).

In the present case, Defendant's notice of removal is untimely. This matter was originally commenced on June 4, 2014, in Hennepin County. Defendant had thirty days to file a notice of removal. Defendant filed her notice of removal on December 8, 2017, more than three-years after the matter was commenced. Defendant does not dispute that she received the initial pleadings more than thirty days before the notice of removal was filed. Therefore, Defendant's notice is defective and remand is proper. *See* 28 U.S.C. § 1446(b).

Additionally, even accepting as true all allegations contained in Defendant's amended notice of removal, this Court lacks subject matter jurisdiction. First, removal of this matter violates the forum defendant rule. Defendant is a citizen of the State of Minnesota and this action was brought in Hennepin County District Court, located in the State of Minnesota. Secondly, while Defendant alleges violations of the United States Constitution and federal statutes in her amended notice, neither is presented on the face of Plaintiff's complaint. *See Caterpillar Inc.*, 482 U.S. at 392. Rather, Plaintiff's Amended Complaint is based solely on Minnesota's unlawful detainer statutes. *See* ECF No. 13, Ex. 1. Therefore, because Plaintiff's complaint relies solely on state law claims, this Court lacks subject matter jurisdiction and this matter should be remanded.

Lastly, it should be noted that in July of 2013, the court granted Plaintiff's motion for summary judgment, and on November 27, 2017, it denied Defendant's motion seeking damages for personal property, disposing of Defendant's remaining issue. ECF No. 13, Ex. 5, 6. Thus it is unclear what claims, if any, Defendant is seeking to remove. Nevertheless, we find that removal is improper, and Plaintiff's motion for remand should be granted.

**3. Moot motions (ECF Nos. 2, 3)**

For the foregoing reasons, Defendant's request to proceed without prepaying fees and costs, and her motion for appointment of counsel are denied as moot.

### III. RECOMMENDATION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand (ECF No. 10) be **GRANTED**.

## IV. ORDER

Based upon all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's motion to amend her notice of removal (ECF No. 5) is **GRANTED**. Defendant's request to proceed without prepaying costs and fees (ECF No. 2), and her motion for appointment of counsel (ECF No. 3) are **DENIED as moot**.

DATED: June 29, 2018                           *s/Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before July 13, 2018, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by July 13, 2018, a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.